IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| Gloria J. Shaw, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:14-cv-01006-JDT-egb |
| vs. | ) |
| | ) |
| Weakley County Ambulance | ) |
| Service Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

On January 13, 2014, Plaintiff Gloria Shaw, a resident of Fulton County, Kentucky, filed a pro se complaint against Weakley County Ambulance Service, Inc. alleging personal injuries due to Defendant's negligence. (D.E. 1). This is a diversity action and the amount in controversy exceeds $75,000. After reviewing the record, the Magistrate Judge recommends that the case be dismissed, due to Plaintiff's failure to timely bring the action.

### Facts

Plaintiff alleges that Weakley County Ambulance Services, Inc. (Defendant) acted negligently on May 3, 2011, when the ambulance that was transporting her crashed. The ambulance was operated by the Defendant at the time of the accident. As a result of the accident, Plaintiff

suffered several personal injuries. (D.E. 1). Plaintiff is now suing to recover damages for those injuries.

## Analysis

Tennessee has a one year statute of limitation for personal tort actions, including injuries to the person. Tenn. Code Ann. § 28-3-104. Plaintiff's cause of action occurred on May 3, 2011, which was two years eight months and nine days before Plaintiff filed her complaint. The statute of limitations begins to run when the plaintiff is "aware of the facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct," and the identity of the person who engaged in the wrongful conduct is known. *McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004). This is known as the discovery rule.

Tennessee courts apply the discovery rule to determine if a statute of limitations has run or not. The discovery rule determines when the statute begins to run. It requires a determination of when the plaintiff had sufficient knowledge that she had sustained an injury and knew the identity of the party whose alleged conduct caused the injury. *Id*.

Actual knowledge that the injury constitutes a breach of the appropriate legal standard is not required. *Roe v.*

*Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994). The plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct. *Id*.

## Recommendation

Plaintiff cannot claim that she was unaware of her injuries. Plaintiff's complaint alleges that she fractured both her left and right hip in the crash along with injuries to her head, neck, back, and mouth. The accident caused her to suffer great physical pain and burdened her with large medical expenses. The extent of these injuries would put a reasonable person on notice that they suffered an injury and that the cause was Defendant.

Plaintiff was aware of sufficient facts that would put a reasonable person on notice that she suffered an injury as a result of wrongful conduct. She knew the identity of the person who engaged in the wrongful conduct. Plaintiff was aware of the injuries when the injuries occurred in 2011. The discovery rule determines that the statute of limitations began to run on May 3, 2011.

The injuries occurred almost three years before the case was filed. This case falls well outside the window of time to bring a claim. Accordingly, the Magistrate Judge

recommends that the case be dismissed for failing to bring the action within the allowable time period.

Respectfully Submitted,

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

Date: **April 15, 2014**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.